IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| Cathy George,<br><br>     Plaintiff,<br><br>     *v.*<br><br>Dekalb County Sheriff's Office Deputy and U.S. Marshals Service Special Deputy Ja'Rad L. Hunt; Fourteen Unknown Law Enforcement Officers; and John Does, all sued in their individual capacities, and United States of America,<br><br>     Defendants. | Civil Action No.<br>1:25-cv-06059-JPB |

## <u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL</u>

Defendants Ja'Rad L. Hunt and the United States of America submit this

motion to dismiss Plaintiff's Complaint & Demand for Jury Trial (Doc. 1)

("Complaint") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of

Civil Procedure.

As explained in the accompanying memorandum of law, the Complaint is

subject to dismissal because the Court lacks jurisdiction over Plaintiff's claims

and because Plaintiff fails to state a cognizable claim to relief and because the

Court lacks jurisdiction over Plaintiff's Federal Torts Claims Act claims because

1

she has not exhausted her administrative remedies. For all of these reasons, the

Court should dismiss the Complaint.

Dated: March 13, 2026.

THEODORE S. HERTZBERG
*United States Attorney*

/s/ *Kathleen A. Taylor*
KATHLEEN A. TAYLOR
*Assistant United States Attorney*
Georgia Bar No. 973286
75 Ted Turner Drive SW, Suite 600
Atlanta, Georgia 30303
Telephone:  404-581-6364
Kathleen.Taylor@usdoj.gov

*Counsel for Defendant Ja'Rad L. Hunt
and United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Cathy George,<br><br>　　　　Plaintiff,<br><br>　　　　*v.*<br><br>Dekalb County Sheriff's Office Deputy and U.S. Marshals Service Special Deputy Ja'Rad L. Hunt; Fourteen Unknown Law Enforcement Officers; and John Does, all sued in their individual capacities, and United States of America,<br><br>　　　　Defendants. | Civil Action No.<br><br>1:25-cv-06059-JPB |

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

### **I.　　INTRODUCTION**

Defendant Ja'Rad L. Hunt (Special Deputy United States Marshal, "SpDUSM Hunt") and Defendant United States of America submit this memorandum of law in support of their Motion to Dismiss Plaintiff's Complaint for Damages & Demand for Jury Trial (Doc. 1) ("Complaint"). The Complaint should be dismissed for three reasons. ***First,*** Plaintiff's claims brought under 42 U.S.C. § 1983 for constitutional violations fail to state a claim because SpDUSM Hunt was acting as a deputized member of the United States Marshal's Service's ("USMS") Southeast Regional Fugitive Task Force ("SERF Task Force"). ***Second,*** Plaintiff's claims brought under *Bivens v. Six Unknown Named Agents of Fed.*

1

*Bureau of Narcotics*, 403 U.S. 388 (1971) seek to expand the contexts in which a

*Bivens* remedy is allowed, and thus, are barred. ***Third***, to the extent Plaintiff

brings claims under the Federal Tort Claims Act ("FTCA"), the Court lacks

jurisdiction over such claims because they are premature.

## II.   FACTS

This case arises from the execution of a search warrant at Plaintiff's home

on October 24, 2023, by a joint task force of federal and state law enforcement

officers. (Doc. 1, ¶¶ 14-15); *see also* (Doc. 12; 12-1.) On October 24, 2023 at around

5:00 a.m., fifteen law enforcement agents, including SpDUSM Hunt, arrived at

Plaintiff's two-bedroom condominium unit. (Doc. 1, ¶¶ 31-32, 42.) Plaintiff

alleges the officers hit her door with a "battering ram" and that she let them

inside. (*Id.* ¶¶ 31, 43, 46.) After opening the door, Plaintiff claims the officers

"pulled her by her arm, and dragged her down the hall to the elevator area,

outside her unit" before they "ransacked" her home. (*Id.* ¶¶ 50, 53-54.)

Plaintiff alleges the officers asked her a series of questions about someone

name "Josh Smiley." (*Id.*, ¶ 55.) The officers asked to see pictures of Plaintiff's

sons after she told them about her sons (*Id.*, ¶¶ 60-61.) Plaintiff showed SpDUSM

Hunt and another officer pictures on her phone. (*Id.* ¶ 61, 65.) She alleges

SpDUSM Hunt compared the pictures on her phone to a photo in a blue folder

and stated that there had been a mistake. (*Id.* ¶ 66.) According to Plaintiff,

SpDUSM Hunt then left his business card and departed her residence 20 minutes after their arrival. (*Id.*, ¶¶ 69-72.)

Plaintiff brings the following claims against SpDUSM Hunt across thirteen "counts":

- Count 1: Fourth Amendment violations under 42 U.S.C. § 1983 (*Id.*, ¶¶ 160-162),

- Count 2: Fourteenth Amendment violations under 42 U.S.C. § 1983  (*Id.*, ¶¶ 163-165),

- Count 3: Fourth Amendment violations under *Bivens* (*Id.*, ¶¶ 166-170),

- Count 4: Fifth Amendment violations under *Bivens* (*Id.*, ¶¶ 171-174),

- Count 5: Fourth Amendment violations under 28 U.S.C. § 2679(b)(2)(A) (*Id.*, ¶¶ 175-181),

- Count 6: Fifth Amendment violations under 28 U.S.C. § 2679(b)(2)(A) (*Id.*, ¶¶ 182-188),

- Count 7: Assault (*Id.*, ¶¶ 189-194),

- Count 8: Battery (*Id.*, ¶¶ 195-199),

- Count 9: Trespass (*Id.*, ¶¶ 200-205),

- Count 10: False Imprisonment (*Id.*, ¶¶ 206-211),

- Count 11: False Arrest (*Id.*, ¶¶ 212-217),

- Count 12: Negligence (*Id.*, ¶¶ 218-224), and

3

- Count 13: Intentional Infliction of Emotional Distress (*Id.*, ¶¶ 225-232).

Plaintiff presented her Federal Torts Claims Act claims via Standard Form 95 on October 10, 2025. (*Id.*, ¶ 6).

### III.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Standard for Decision.

A claim is subject to dismissal when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal, the claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]hen, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," dismissal is proper. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Additionally, Plaintiff's FTCA claims are subject to dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. If the Court lacks subject matter jurisdiction over a claim, the Court must dismiss the claim. Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden of showing that subject matter jurisdiction exists. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

**B.**   **42 U.S.C. § 1983 Does Not Apply Against Federal Defendants.**

Plaintiff brings claims under 42 U.S.C. § 1983 for Fourth Amendment violations (Count 1) and Fourteenth Amendment violations (Count 2). (Doc. 1, ¶¶ 160-165.) Both claims must be dismissed because SpDUSM Hunt was acting in his capacity as a member of a federally run task force. (Doc. 12; 12-1.)

42 U.S.C. § 1983 does not furnish a cause of action against federal officials acting under color of federal law. *Askew v. Bloemker*, 548 F.2d 673, 677 (7th Cir. 1976) (citing *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973)). In fact, no statute expressly authorizes constitutional claims against federal defendants. *See Hammack v. Schneider*, No. 19-00230, 2023 WL 143312, at *2 (S.D. Ill. Jan. 10, 2023) ("When Congress enacted Section 1983, it created no analogous statute authorizing a suit for money damages against individual federal agents and hasn't done so since.") The language of 42 U.S.C. § 1983 states it applies to persons acting under color of state law.

At all times relevant to Plaintiff's Complaint, SpDUSM Hunt was acting as a specially deputized member of the USMS SERF Task Force. (Doc. 1, ¶¶ 13, 98-99); (Doc. 12; 12-1). This task force and its members, including SpDUSM Hunt, operate under color of federal law. *See* 28 U.S.C. § 566(e)(1)(B) (authorizing the USMS to investigate fugitive matters); 34 U.S.C. § 41503 (establishing fugitive apprehension task forces, consisting of federal, state, and local law enforcement

5

officers); 28 C.F.R. § 0.112 (permitting deputization of federal, state, and local law enforcement officers). The undisputed facts alleged by Plaintiff are that SpDUSM Hunt was operating at all times relevant to the Complaint as a USMS task force member under color of federal law.

As a result, Plaintiff's 42 U.S.C. § 1983 constitutional claims against SpDUSM Hunt must be brought pursuant to *Bivens*, not § 1983. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam) ("A [Section] 1983 suit challenges the constitutionality of the action of state officials; a Bivens suit challenges the constitutionality of the actions of federal officials."); *Guerrero v. Scarazzini*, 274 F. App'x 11, 12 n.1 (2d Cir. 2008) (holding that local officers "assigned to an FBI Joint Organized Crime and Drug Enforcement Task Force" were "federally deputized for their Task Force work," and thus the claim was "properly brought" as a Bivens action); *Majors v. City of Clarksville*, 113 F. App'x 659, 660 (6th Cir. 2004) (construing § 1983 claim against "police officers who were acting as deputized Task Force Agents by the [DEA]" as a Bivens claim "in reality"); *Ellis v. Ficano*, 73 F.3d 361, at *6–7 (6th Cir. 1995) (finding that county sheriff's department officers "deputized by the DEA as DEA Task Force officers … were acting under color of federal law, not state law as required by § 1983").

For this reason, Plaintiff's claims against SpDUSM Hunt under 42 U.S.C. § 1983, Counts 1 and 2, should be dismissed.

6

C.    **Plaintiff's Claims Seek to Extend *Bivens* to A New Context.**

1.    **Expanding the *Bivens* remedy is highly disfavored.**

Plaintiff purports to bring two claims under *Bivens*: Count 3 for Fourth

Amendment Violations and Count 4 for Fifth Amendment violations. (Doc. 1, ¶¶

166-174). As explained below, neither claim falls within the three contexts which

the Supreme Court deems appropriate for a *Bivens* remedy. For this reason, the

claims must be dismissed.

The Supreme Court recognized an implied right of action for damages

against federal officials sued in their individual capacities for Fourth

Amendment violations *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

*Narcotics*, 403 U.S. 388, 394-397 (1971). Since then, the Supreme Court has only

extended *Bivens* to two other contexts: (1) a Fifth Amendment claim against a

congressman who fired his secretary based on her sex, *Davis v. Passman*, 442 U.S.

228, 248–49 (1979), and (2) an Eighth Amendment claim against prison officials

for failure to provide medical treatment, *Carlson v. Green*, 446 U.S. 14, 19–23

(1980). *See Egbert v. Boule*, 596 U.S. 482, 490-91 (2022); *see also Robinson v. Sauls*,

102 F.4th 1337, 1342 (11th Cir. 2024).

The Supreme Court strongly disfavors expansion of this implied remedy to

additional contexts, saying, "in all but the most unusual

circumstances" *Bivens* should not be used to recognize new constitutional-claim

7

causes of action for damages against federal officials. *See Egbert v. Boule*, 596 U.S. 482, 486, 491 (2022). Thus, the Supreme Court "has 'consistently refused to extend *Bivens* to any new context or new category of defendants.' " *Ziglar v. Abbasi*, 582 U.S. 120, 132, 135 (2017) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). The Supreme Court "has made [it] clear that expanding" *Bivens* is now "disfavored." *Ziglar*, 582 U.S. at 135 (citation omitted). Underscoring this point, the Eleventh Circuit whimsically analogized the likelihood of new *Bivens* contexts to the probability of seeing "its natural history analogue, the ivory-billed woodpecker." *Johnson v. Terry*, 119 F.4th 840, 850 (11th Cir. 2024), *cert. denied*, 146 S. Ct. 101 (2025); *see also id.* at 848, n.2 (explaining that the bird is still on the endangered list, but it has been so long since one has been sighted that many doubt it still exists).

The Supreme Court employs a two-step inquiry to determine whether a *Bivens* claim may proceed. First, courts must "ask whether the case presents a new *Bivens* context—i.e., is it meaningfully different from the three cases" wherein the Supreme Court found an implied action for damages. *Egbert v. Boule*, 596 U.S. 482, 492 (2022). For a case to fall within one of the three recognized *Bivens* contexts, "it is not enough that the case involves the same constitutional right and 'mechanism of injury[ ]' " as a previously recognized context. *Johnson v. Terry*, 112 F.4th 995, 1006 (11th Cir. 2024) (citing *Ziglar*, 582

U.S. at 138– 39); *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020). "The inquiry is 'whether the two cases have any relevant differences, not whether they are mostly the same.' " *Johnson v. Terry*, 112 F.4th at 1014. Even a small difference can present a new context. *See id.*

Second, if the case presents a new context, a *Bivens* remedy is not available if "there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Egbert*, 496 U.S 482, 491. "If there is even a single 'reason to pause before applying Bivens in a new context,' a court may not recognize a *Bivens* remedy." *Id.* at 492. "One notable special factor is the existence of an alternative remedial structure." *Id.* at 493; *Johnson v. Terry*, 112 F.4th at 1014–15. The reason is that "when alternative remedial structures are available, the Judiciary is not 'better equipped' than the 'political branches' to decide 'whether existing remedies should be augmented by the creation of a new judicial remedy.'" *Robinson*, 102 F.4th 1337, 1343 (quoting *Egbert* at 493).

Ultimately, the two step tests "'often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy.'" *Robinson*, 102 F.4th 1337, 1343 (quoting *Egbert* at 492.)

## 2.      Plaintiff's claims present a new *Bivens* context.

Plaintiff's claims are foreclosed by the Eleventh Circuit's decision in *Robinson*. The Eleventh Circuit held in *Robinson* that the plaintiff's excessive force claim arose in a new context simply because it resulted from the United States Marshals Service operating a joint federal and state task force to execute arrest warrants. *Robinson*, 102 F.4th 1337, 1344 ("This case presents a new context because the Supreme Court has never recognized a cause of action for excessive force against officers operating as part of a USMS joint federal and state task force apprehending fugitives.") The Court reached this conclusion "after considering the statutory authority under which the USMS operates, particularly when it directs a joint state and federal task force organized to arrest fugitives." *Id.* As the Court noted, Congress assigned the USMS "responsibility for investigating 'fugitive matters … as directed by the Attorney General." *Id.* (quoting § 566(e)(1)(B)). In 2000, the Presidential Threat Protection Act of 2000 mandated the establishment of permanent regional task forces to apprehend fugitives. *Id.* at 1345, Pub. L. No. 106-544, 114 Stat. 2715, 2718–19; 34 U.S.C. § 41503(a).

*Robinson* involved the *same* task force for which SpDUSM Hunt was acting when attempting to execute the warrant at Plaintiff's residence. *See Robinson v. Sauls, et al.*, 1:18-cv-0131-TCB, ECF No. 51-1 at ¶¶ 3-4 (N.D.GA. August 31, 2018). SpDUSM Hunt participated in the attempted execution of a warrant at Plaintiff's

10

home as a part of a USMS taskforce. (Doc. 1, ¶¶ 13, 98-99). "When state and local law enforcement officers participate in these task forces, they are deputized and perform the functions of deputy marshals. *See* 28 C.F.R. § 0.112(b)." *Robinson*, 102 F.4th 1337, 1345.

Further, while *Bivens* involved a claim of unreasonable search and seizure under the Fourth Amendment, the facts here are distinguishable because SpDUSM Hunt was attempting to execute a search warrant for the body of a fugitive for whom they also had an arrest warrant. (Doc. 1, ¶¶14-15.) Further, Plaintiff, unlike the plaintiff in *Bivens*, was not handcuffed, nor arrested. Thus, this case is distinguishable from *Bivens* and bears only the "superficial similarities" which the Supreme Court cautioned against using to find that a case arises in the same context. *Egbert*, 596 U.S. at 495; *see Ziglar*, 582 U.S. at 147–49 (holding that a claim that presented "significant parallels" to *Carlson* still presented a new context).

Plaintiff's claims arise from SpDUSM Hunt attempting to execute an arrest warrant as a member of the SERF task force. Accordingly, he is part of a "new category of defendants", which presents a new *Bivens* context. *Id.*

3.   **Special factors weigh against applying *Bivens* to the new context presented in this case.**

Because Plaintiff's claims present a new *Bivens* context, the Court must ask whether special factors counsel against expanding *Bivens* to a new context.

11

In *Robinson*, the Eleventh Circuit reasoned that recognizing a *Bivens* remedy where a member of the USMS SERF task force was sued for excessive force would decrease participation in joint federal and state law enforcement task forces.

> Because of the unique circumstances present when the USMS operates joint task forces to apprehend state and federal fugitives, including "the impact of potential liability on cooperation among law-enforcement agencies," we conclude " 'that the Judiciary is not undoubtedly better positioned than Congress to authorize a damages action.'

*Robinson*, 102 F.4th 1337, 1345–46. This reasoning is no less true today than when *Robinson* was decided just under two years ago.

Additionally, while "Congress has more than once enacted legislation governing these fugitive-apprehension task forces, *see* 34 U.S.C. §§ 20989, 41503(a)", however, it "has created no private right of action against task force members who commit constitutional violations." *Id.* at 1346; *see also Goldey v. Fields*, 606 U.S. 942, 944 (2025) (special factor counseled against applying *Bivens* to new context because "Congress has actively legislated in the area of prisoner litigation but has not enacted a statutory cause of action for money damages.") Ultimately, the Eleventh Circuit found the *Bivens* remedy unavailable in *Robinson* because Congress has not created a cause of action for money damages against task force members for constitutional violations, and because there were, and

12

are, "alternative processes and remedies in place to deter unconstitutional acts by task force member[.]" *Robinson*, at 1346. Neither is there a *Bivens* remedy here where the same alternative processes and remedies apply.[1]

In sum, special factors weigh against finding an implied remedy in this case under *Bivens* because: (1) Congress has thoroughly legislated in the area of special federal and state tasks forces, but has not created a damages remedy, (2) recognizing a *Bivens* remedy would have a chilling effect on participation in such task forces, and (3) alternative remedies exist for the complained of conduct. Accordingly, the Court should dismiss Plaintiff's *Bivens* claims.

**D.     The FTCA Claims Must Be Dismissed Because Plaintiff Has Not Exhausted Her Administrative Remedies.**

Plaintiff also brings claims under the FTCA alleging Fourth Amendment violations (Count 5), Fifth Amendment violations (Count 6), assault (Count 7), battery (Count 8), trespass (Count 9), false imprisonment (Count 10), false arrest (Count 11), negligence (Count 12), and intentional infliction of emotional distress

---

[1] *See id.* ("The USMS director is obligated by statute to 'supervise and direct the [USMS].' 28 U.S.C. § 561(g). And, by regulation, the director must investigate 'alleged improper conduct on the part of [USMS] personnel.' 28 C.F.R. § 0.111(n). The USMS thus has implemented a procedure for reviewing grievances alleging improper action by any task force member, whether a USMS employee or a local or state officer deputized to participate in the task force."); *see also* https://www.usmarshals.gov/sites/default/files/media/document/usms-policy-directive-misconduct-investigations.pdf (last accessed March 13, 2026).

(Count 13), citing 28 U.S.C. § 2679(b)(2)(A). (Doc. 1, ¶¶ 175-224.) These claims must be dismissed for lack of subject matter jurisdiction because they are premature.

"It is undisputed that under [the FTCA], a tort claim must be presented to the appropriate federal agency within two years after the claim accrues and the lawsuit must be commenced within six months after the receipt of a final agency decision." *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001) (emphasis in original); *see also* 28 U.S.C. § 2401(b). "A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) (citing 28 U.S.C. § 2675(a)). Plaintiff must provide the agency six months to consider the administrative claim. *Id.* (citing 28 U.S.C. § 2675(a)) Thus, claimants may not submit their claims before *either* the expiration of 6 months *or* receipt of a final denial.

Here, Plaintiff submitted an SF-95 claim form to the U.S. Marshal's service on October 10, 2025. (Doc. 1, ¶ 6) The SF-95 covers the same event and acts as are alleged in the Complaint. (*Id.*) Six months from the date of Plaintiff's claim presentment will be April 10, 2026. Plaintiff does not allege that she has received a final agency denial of her claim. Accordingly, the claims are premature because Plaintiff has not exhausted her administrative remedies. *Turner ex rel. Turner v.*

14

*United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (affirming dismissal for lack of subject matter jurisdiction where plaintiff filed suit before 6 months had passed since submission of second SF-95 form where the original form did not fairly put the agency on notice of all claims). The Court lacks subject matter jurisdiction over Plaintiff's FTCA claims and they must be dismissed.

## IV.   CONCLUSION

As explained herein, Plaintiff is without a remedy under *Bivens* or 42 U.S.C. § 1983. Further, her FTCA claims are premature because she has not administratively exhausted them. For these reasons, Defendants ask that the Court dismiss Plaintiff's Complaint in entirety.

Dated: March 13, 2026.

THEODORE S. HERTZBERG
*United States Attorney*

/s/ *Kathleen A. Taylor*
KATHLEEN A. TAYLOR
*Assistant United States Attorney*
Georgia Bar No. 973286
75 Ted Turner Drive SW, Suite 600
Atlanta, Georgia 30303
Telephone: 404-581-6004
Kathleen.Taylor@usdoj.gov
*Counsel for Ja'Rad L. Hunt and United States of America*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing document has been prepared using Book Antigua, 13-point font.

Dated: March 13, 2026.

/s/ *Kathleen A. Taylor*
KATHLEEN A. TAYLOR
*Assistant United States Attorney*
Georgia Bar No. 973286
75 Ted Turner Drive SW, Suite 600
Atlanta, Georgia 30303
Telephone: 404-581-6004
Kathleen.Taylor@usdoj.gov
*Counsel for Ja'Rad L. Hunt and United States of America*

16

## CERTIFICATE OF SERVICE

I served this document today by filing it using the Court's CM/ECF

system, which automatically notifies the parties and counsel of record.

Dated: March 13, 2026.

/s/ *Kathleen A. Taylor*

KATHLEEN A. TAYLOR

*Assistant United States Attorney*

Georgia Bar No. 973286

75 Ted Turner Drive SW, Suite 600

Atlanta, Georgia 30303

Telephone: 404-581-6004

Kathleen.Taylor@usdoj.gov

*Counsel for Ja'Rad L. Hunt and United States of America*

17