**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION**

| | |
|---|---|
| Cathy George, <br><br> *Plaintiff*, <br><br> v. <br><br> DeKalb County Sheriff's Office Deputy and U.S. Marshals Service Special Deputy Ja'Rad L. Hunt; Fourteen Unknown Law Enforcement Officers; and John Does, all sued in their individual capacities, <br><br> *Defendants*. | Case No. 1:25-cv-6059-JPB |

---

**PLAINTIFF'S REPLY IN SUPPORT OF HER**
**MOTION TO EXTEND THE RULE 4(m) DEADLINE**

---

Plaintiff Cathy George respectfully submits this reply in support of her motion to extend the Rule 4(m) deadline (Doc. 11).

Defendant Hunt—the only defendant currently in the case—does not meaningfully oppose Ms. George's request for an extension. His response raises only a dispute about the precise Rule 4(m) deadline. That dispute does not defeat Plaintiff's motion, for four reasons.

First, the deadline calculation dispute is immaterial. Even accepting Officer Hunt's position that the deadline expired on February 11, 2025, Rule 4(m) requires an extension on a showing of good cause and permits extensions

1

without such a showing. Fed. R. Civ. P. 4(m); *see, e.g.*, *Frey v. City of Pocatello*, No. 4:24-cv-582, 2026 WL 752217 (D. Idaho Mar. 17, 2026).

Second, Plaintiff has shown good cause, and extending the deadline would be warranted even if she had not. Ms. George has diligently tried to identify the Doe Defendants, and their identities remain concealed by their government employers, who are not parties (at least not yet). Courts routinely extend Rule 4(m) deadlines in these circumstances, recognizing that discovery is often needed to identify unknown officers. *See Davis v. Kelly*, 160 F.3d 917, 921 (CA2 1998) (citing cases); *Schiff v. Kennedy*, 691 F.2d 196, 198 (CA7 1982); *e.g.*, *Carr v. Thomas*, No. 7:25-cv-583, ECF 38 (E.D.N.C. July 3, 2025). Indeed, in *Bivens* itself, the unknown officers remained unserved while the case wound its way up to the Supreme Court and back down; the Plaintiff was allowed to proceed past the pleading stage against them after that. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 456 F.2d 1339, 1348 (CA2 1972).

Officer Hunt's suggestion that Ms. George should have sought pre-answer discovery or obtained summonses for the Doe Defendants does not change the analysis. As a practical matter, Ms. George cannot serve summonses on unknown defendants, whose potential employer (the United

States) is already aware of this case, as Officer Hunt's response confirms.[1] And early, pre-answer discovery would not have prevented the need to extend the Rule 4(m) deadline. The United States Marshals Service does not voluntarily disclose the identities of deputy marshals absent a court order and a protective order. *See, e.g., McCarthy v. United States*, No. 2:25-cv-2005, ECF Nos. 17, 21 (D. Ariz. Mar. 30, 2026) (United States seeking protective order after court compelled answer to interrogatory about Doe Defendant U.S. Marshals' identities). Thus, even if the United States were already a party, Ms. George would not have been able to uncover the Doe Defendants' identities within the Rule 4(m) period. Rule 4(m) does not require futile or premature measures.

Third, a permissive extension is independently warranted. Dismissing Plaintiff's claims against the Doe Defendants risks barring the claims entirely, while a modest extension will not prejudice any party. For good reason, Officer Hunt has not argued otherwise. And the government's control over the disclosure of the Doe Defendants' identities weighs strongly in favor of allowing more time.

Fourth, an extension will promote efficiency. The United States is not yet a party; Officer Hunt is the only defendant. As Ms. George explained in her

---

[1] In suing Officer Hunt, Ms. George properly served the United States under Rule 4(i)(3), which requires plaintiffs suing a United States officer or employee individually to serve both the United States and the officer or employee. Fed. R. Civ. P. 4(i)(3).

complaint (Doc. 1 at 4 ¶ 6) and Officer Hunt observed in his Motion to Dismiss (Doc. 13 at 13–15), Ms. George submitted administrative claims to the U.S. Marshals Service on October 10, 2025. If the agency does not resolve them by April 10, 2026, they will then ripen into claims that Ms. George may bring against the United States under the Federal Tort Claims Act. *See* 28 U.S.C. § 2675(a) (giving agencies six months to resolve claims, after which claimants may deem the claims denied and assert them in federal district court). Ms. George intends to promptly amend her complaint to add claims against the United States under the Federal Tort Claims Act. Allowing a modest extension will allow Ms. George to seek disclosure of the Doe Defendants' identities from the United States as a party.

## CONCLUSION

For these reasons, Ms. George respectfully asks the Court to extend the Rule 4(m) deadline to serve the Doe Defendants until 30 days after Officer Hunt, the United States, DeKalb County, or another entity discloses the identities of the Doe Defendants, or in the alternative, for 60 days from the issuance of this Court's order granting the extension.

Respectfully submitted this 3rd day of April, 2026.

/s/ Andrew Canter
Andrew Canter
Georgia Bar No. 365212
Zack Greenamyre
Georgia Bar No. 293002
MITCHELL, SHAPIRO,
GREENAMYRE & FUNT LLP
881 Piedmont Ave.
Atlanta, GA 30309
404-812-4747 (phone)
404-812-4740 (fax)
zack@mitchellshapiro.com
andrew@mitchellshapiro.com

/s/ Marie L. Miller
Marie L. Miller*
Indiana Bar No. 34591-53
Arizona Bar No. 040537
INSTITUTE FOR JUSTICE
3200 N. Central Avenue
Phoenix, AZ 85012
(480) 557-8300
mmiller@ij.org

John C. Korevec*
California Bar No. 310157
INSTITUTE FOR JUSTICE
901 N. Glebe Road
Arlington, VA 22203
(703) 682-9320
jkorevec@ij.org

*Admitted *pro hac vice*

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 5.1(C), this document was prepared in Century Schoolbook font (13 point type).

/s/ Marie L. Miller
Marie L. Miller
Indiana Bar No. 34591-53
Arizona Bar No. 040537
INSTITUTE FOR JUSTICE
3200 N. Central Avenue
Phoenix, AZ 85012
(480) 557-8300
mmiller@ij.org

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2026, I electronically filed the foregoing Plaintiff's Reply in Support of Her Motion to Extend the Rule 4(m) Deadline with the Clerk of Court using the CM/ECF system, which will notify all counsel of record.

/s/ Marie L. Miller
Marie L. Miller
Indiana Bar No. 34591-53
Arizona Bar No. 040537
INSTITUTE FOR JUSTICE
3200 N. Central Avenue
Phoenix, AZ 85012
(480) 557-8300
mmiller@ij.org

*Counsel for Plaintiff*

7