**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION**

| | |
|---|---|
| Cathy George,<br><br>*Plaintiff,*<br><br>v.<br><br>DeKalb County Sheriff's Office Deputy and U.S. Marshals Service Special Deputy Ja'Rad L. Hunt; Fourteen Unknown Law Enforcement Officers; and John Does, all sued in their individual capacities,<br><br>*Defendants.* | Case No. 1:25-cv-6059-JPB |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Cathy George seeks to amend her complaint to add new claims against a new defendant: claims under the Federal Tort Claims Act (FTCA) against the United States, since those claims became ripe through administrative exhaustion on April 10, 2026; and a related, alternate due process claim, also against the United States. Courts regularly allow plaintiffs to add FTCA claims once they ripen through administrative exhaustion, as Ms. George seeks to do. *See, e.g.*, *Mancha v. Immigr. & Customs Enf't.*, No. 1:06-CV-2650-TWT, 2009 WL 900800, at *2 (N.D. Ga. 2009); *infra* pp. 9–10 (citing cases).

1

BACKGROUND

## I.    Facts

In June 2023, the United States Marshals Service listed Joshua Smiley on the "15 Most Wanted" list. (¶ 16.[1]) He was wanted in connection with a homicide investigation in Alabama and a bond violation in Indiana. (¶¶ 17–18.) About a week later, Smiley was peacefully apprehended in Indiana using a callout. (¶¶ 22, 27.) The U.S. Marshals Service issued a press release about his capture and posted about it on social media. (¶¶ 23–24.) News outlets also reported on it. (¶ 28.)

Smiley was still in custody four months later, when law enforcement officers sought to apprehend him at Cathy George's home in Sandy Springs, Georgia. (¶¶ 29–30.) Ms. George had no connection to Smiley. (¶¶ 1, 44.) Still, on October 24, 2023, more than a dozen law enforcement officers raided Ms. George's home searching for the man who was already behind bars. (¶ 31.) Leading the operation was Defendant Ja'Rad Hunt, a DeKalb County Sheriff's Office Deputy cross deputized as a U.S. Marshals Service Special Deputy. (¶¶ 13, 36.) The other officers were agents of state or local government entities, the United States government, or both. (¶¶ 14–15.)

---

[1] All paragraph citations refer to the original complaint (Doc. 1).

Before dawn, the officers woke Ms. George and her small dog—the only two residents of the apartment; the officers pounded on her door and shouted. (¶¶ 43, 46–49.) When she opened the door, officers aimed firearms at her and pulled her (who was nearly naked) out of her apartment into a hallway. (¶¶ 51, 53.) There officers interrogated her about Smiley. (¶ 55.) Ms. George explained that she had no idea who he was. (¶ 56.) Officers ransacked her home, demanded to see pictures of her sons on her phone, and ultimately concluded that "there's been a mistake." (¶¶ 54–68.)

## II.    Procedure

Ms. George seeks redress for the officers' unconstitutional and tortious conduct—by suing the officers under various theories and suing the United States government under the Federal Tort Claims Act (FTCA). But Ms. George did not assert any FTCA claims in her original complaint. (She asserted only claims against the officers to remedy their constitutional violations.) That is because the FTCA has an administrative-exhaustion requirement: The claimant must first present her claim to the relevant federal agency. 28 U.S.C. § 2675(a). Only after the agency finally denies the claim may she bring an action in court against the United States. *Id.* If the agency does not resolve the claim within six months, the claimant may deem it finally denied. *Id.*

Ms. George submitted her administrative claim to the U.S. Marshals Service on October 10, 2025. (¶ 6.) While her administrative claim was

pending, on October 22, 2025, Ms. George sued Officer Hunt and the other officers in their individual capacities—with claims that are not covered by the Federal Tort Claims Act. (¶¶ 13–15.) Again, her original complaint asserts only claims to remedy the officers' violations of her federal constitutional rights:

- For the officers' unconstitutional conduct under color of state law, Ms. George brought claims under 42 U.S.C. § 1983 (**Counts 1, 2**);

- For the officers' unconstitutional conduct under color of federal law, Ms. George brought claims under:

  o *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (**Counts 3, 4**);

  o the Westfall Act's codification of *Bivens* as of 1988 (**Counts 5, 6**); and

  o traditional state-law remedies for constitutional violations (**Counts 7–13**).

These constitutional claims against the officers were not subject to the administrative-exhaustion requirement of the Federal Tort Claims Act (FTCA), because "federal constitutional torts are not within the scope of the FTCA." *McCollum v. Bolger*, 794 F.2d 602, 608 (CA11 1986) (cleaned up); *see* 28 U.S.C. § 2679(b)(2)(A); *see also Albajon v. Gugliotta*, 72 F. Supp. 2d 1362, 1367 (S.D. Fla. 1999) ("Constitutional torts are not within the scope of the Federal Tort Claims Act because Congress has not waived sovereign immunity

with respect to constitutional violations."); *Daniel v. United States*, 891 F. Supp. 600, 604 (N.D. Ga. 1995) (explaining that a "claim based upon a constitutional deprivation is not a proper claim under the FTCA").

While Ms. George's administrative claim remained pending, Officer Hunt moved to dismiss the claims against him, and Ms. George requested that the Court extend the Rule 4(m) deadline to serve the unknown John Doe Defendants. Both motions remain pending.

The six-month window for the U.S. Marshals Service to resolve Ms. George's administrative claim closed April 10, 2026. The agency did not finally dispose of her claim by then, so the agency's inaction is now "deemed a final denial" of the claim for purposes of the FTCA. 28 U.S.C. § 2675(a). Ms. George's FTCA claims against the United States are thus ripe, and she seeks to amend her complaint to add them.

Her proposed amendments do just that. They add the United States as a defendant for causes of action under the FTCA to remedy various tortious acts by the government's agents (*see* Count 14 in her Proposed First Amended Complaint). They also add a related constitutional due-process count against the United States (Count 15), alleging that if Ms. George cannot obtain redress through her FTCA claims, and if the Westfall Act bars Ms. George's claims against the individual officers, then the Westfall Act is unconstitutional as applied to her—because it deprives her of liberty or property without due

process—and Ms. George is entitled to assert her state-tort causes of action against the individual employees as a result.

## LEGAL STANDARD

When a party seeks leave to amend her complaint under Rule 15(a), "leave to amend must be granted absent a specific, significant reason for denial." *Spanish Broadcasting Sys. of Fla., Inc. v. Clear Channel Comms., Inc.*, 376 F.3d 1065, 1077 (CA11 2004). This is because the rule requires courts to "freely give leave" to amend in the interest of justice, letting the plaintiff test her claims on the merits. Fed. R. Civ. P. 15(a); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

## ARGUMENT

Ms. George's motion for leave to amend her complaint should be granted. No scheduling order has been entered under Rule 16, so her motion is governed by the "policy of rule 15(a) in liberally permitting amendments." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (CA11 1989).[2]

A district court's discretion to deny leave to amend is "severely restricted" to limited circumstances, *Woldeab v. Dekalb Cnty. Bd. of Ed.*, 885 F.3d 1289, 1291 (CA11 2018)—as when (I) undue delay, (II) bad faith by the movant, (III) repeated failure to cure deficiencies, (IV) futility of the

---

[2] When a party seeks to amend pleadings after the deadline in a scheduling order, a more rigorous, "good cause" standard applies. Fed. R. Civ. P. 16(b)(4).

amendment, or (V) unfair prejudice to the non-movant are shown, *see Bryant v. Dupree*, 252 F.3d 1161, 1163 (CA11 2001) (citing *Foman*, 371 U.S. at 182). Officer Hunt (and the other defendants, who are not yet parties) can demonstrate none of these circumstances.

## I.      Ms. George has promptly sought leave to amend.

Ms. George has not amended her complaint before, and she has not delayed filing this motion. Her FTCA claims became ripe only four days ago, on April 10, 2026. This is not a case involving "years of silence" while cases lingered on the docket. *In re Engle Cases*, 767 F.3d 1082, 1118, 1122 (CA11 2014). Rather, this case remains at the pleadings stage, before any scheduling order, and this is her first opportunity to add claims against the United States. *See generally* Wright & Miller, 6 Fed. Prac. & Proc. § 1488 (3d ed. 2023 update) (observing that "a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent").

Even if there were some delay, it has not prejudiced Officer Hunt or the proposed defendants. The "mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint." *In re Engle Cases*, 767 F.3d at 1109 (quoting *Hester v. International Union of Operating Engineers*, 941 F.2d 1574, 1578–79 (CA11 1991)). When, as here, delay has not "seriously hinder[ed] judicial economy," *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 623 (CA11 1983), or created a risk of "serious

prejudice to the opponent," the burden remains on the non-movant to show prejudice, *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 & n.2 (CA5 1981). Neither Officer Hunt nor the John Doe Defendants nor the United States (which is not yet a party) can do so here.

## II.    Ms. George acted in good faith.

This motion is motivated by a proper purpose. Ms. George seeks to add newly ripened claims—not to delay resolution of her case or to further other improper motives. *Cf. Thompson-El v. Jones*, 876 F.2d 66, 68–69 (CA8 1989) (counsel apparently sought leave to amend to delay trial until a more convenient time). Her aims are pure: to swiftly present in a single case all her claims against the relevant parties, facilitating an efficient and expeditious resolution of her claims on the merits.

## III.    Ms. George has not failed to cure deficiencies.

Courts often grant leave to cure defects and then deny leave if plaintiffs repeatedly fail. *See, e.g.*, *Hesed-El v. Aldridge Pite, LLP*, No. CV 119-162, 2020 WL 3163645, at *10 (S.D. Ga. June 12, 2020); *Gregory v. City of Tarpon Springs*, No. 8:16-cv-237-T-33AEP, 2016 WL 7157554, at *4 (M.D. Fla. Dec. 8, 2016). But this Court has not found any defects in Ms. George's complaint, and there have been no prior amendments. The only motion testing the complaint's sufficiency (Doc. 13) remains pending and not fully briefed. Filing the proposed amended complaint would moot that motion. *See Southern Pilot Ins. Co. v.*

8

*CECS, Inc.*, 15 F. Supp. 3d 1284, 1287 n.1 (N.D. Ga. 2013). Defendants could then file motions to dismiss the new complaint if they choose.

## IV.    The amendments are meritorious.

Ms. George's proposed amendments are not futile attempts to resurrect dead claims. Leave to amend a complaint may be denied for futility only "when the complaint as amended would *still* be properly dismissed." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (CA11 2010) (emphasis added) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (CA11 2007)); *accord Boyd v. Warden*, 856 F.3d 853, 864 (CA11 2017).

None of Ms. George's original claims are dead; this Court has not decided whether any of them lack viability. So the Court cannot say her complaint as amended would "still" be properly dismissed. *Coventry*, 605 F.3d at 870. And the new claims became viable just a few days ago.

As many courts recognize, nothing in the FTCA prevents a plaintiff "from amending an existing complaint asserting non-FTCA claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted." *Junio v. Vassilev*, 858 F.3d 1242, 1247 (CA9 2017) (citation omitted). As a result, courts regularly allow amendments like Ms. George's—adding new claims against the United States under the FTCA upon administrative exhaustion. *See, e.g.*, *Mancha*, No. 1:06-CV-2650-TWT, 2009 WL 900800, at *2; *Bluford v. United States*, No. 3:22-cv-811-SI, 2025 WL

9

2781715 at*2 (D. Or. 2025); *Scott v. Quay*, No. 19-CV-1075, 2020 WL 8611292, at *12 (E.D.N.Y. 2020); *Foerderer v. Mathias*, No. 17-cv-429-SMY-RJD, 2018 WL 2431409, at *4 (S.D. Ill. 2018); *Michel v. Fed. Bureau of Prisons FCI*, 7:16-cv-00863-RDP-HNJ, 2017 WL 7680337, at *5–*7 (N.D. Ala. 2017), *report & rec. adopted*, 2018 WL 835101 (Feb. 13, 2018). This Court should do the same.

As noted above, if this Court grants Ms. George leave to amend, it need not resolve the pending motion to dismiss because the new complaint will moot that motion. Nor must the Court convert this motion into a merits ruling before the defendants respond, including to the new claims. After identifying defects in the operative complaint, courts apply the Rule 12(b)(6) standard to proposed amendments. *See Coventry First*, 605 F.3d at 870; *Bajra v. Delta Air Lines, Inc.*, 785 F. Supp. 3d 1289, 1323 (N.D. Ga. 2025). But they need not conduct a full Rule 12(b)(6) analysis at the leave stage, just as they need not *sua sponte* grant leave absent a motion. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (CA11 2002).[3] Indeed, leave is often denied on futility grounds only after the Court has found the original complaint defective and the proposed amendment is clearly insufficient on its face. *See, e.g., Taylor v. Florida State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995); *Runnion ex*

---

[3] Conversely, before denying leave to amend on futility grounds, the court must conduct a full Rule 12(b)(6) analysis and conclude that the complaint necessarily fails. *See St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822 (CA11 1999).

*rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 519–20 (CA7 2015); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (CA4 1986).

## V.    The amendments would not prejudice Officer Hunt, or the anticipated defendants.

Allowing the proposed amendments will not prejudice Officer Hunt or any other proposed defendant. Prejudice typically arises when amendments are sought late and would require extending discovery or delaying trial, *e.g.*, *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1428–29 (CA7 1993); *Williams v. Shipping Corp. of India, Ltd.*, 354 F. Supp. 626, 630 (S.D. Ga. 1973), when amendments add remote issues that may confuse or mislead a jury, *e.g.*, *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (CA6 1986) (per curiam), or when amendments impose significant additional burdens and expenses, *e.g.*, *Ross v. Houston Indep. Sch. Dist.*, 699 F.2d 218, 223, 228 (CA5 1983). *See generally* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2026 update).

None of those concerns are present here. This case is still at a preliminary stage: no scheduling order and no discovery; the parties are just beginning to address threshold pleading issues. Adding the claims against the United States will not require duplicative proceedings or fundamentally alter the case. The proposed complaint instead promotes efficiency by consolidating claims arising from the same facts.

Nor will Officer Hunt (or the other officers, whose identities remain unknown) be required to defend against new facts or theories, because the allegations remain largely unchanged and the new claims concern only the United States. The amendments simply add alternate avenues of relief now that those claims have ripened. And the United States cannot claim prejudice from responding to FTCA claims that became ripe only days ago, particularly given its earlier attempt to treat the constitutional claims against Officer Hunt as unripe FTCA claims. (*See* Docs. 12, 13, 16.)

## VI.   Denying leave may prejudice Ms. George.

By contrast, denying leave to amend could substantially prejudice Ms. George. Without amendment, Ms. George would have to file a separate lawsuit against the United States based on the same events—creating duplicative litigation, inefficiency, and a risk of inconsistent outcomes.

Parallel proceedings would also force courts to address overlapping facts and legal theories in separate cases—particularly Ms. George's contention that if the Westfall Act bars certain claims against the individual officers and the FTCA provides no remedy, then the Westfall Act is unconstitutional as applied to her. Resolving these interrelated issues across multiple actions would be needlessly inefficient.

Keeping all claims and defendants in a single case is the most coherent and efficient approach. Forcing separate lawsuits would complicate the litigation and risk depriving Ms. George of a full and effective avenue for relief.

## CONCLUSION

For these reasons, the Court should grant Ms. George leave to file her First Amended Complaint, the filing of which would moot the pending motion to dismiss.

Respectfully submitted this 14th day of April, 2026.

/s/ Andrew Canter
Andrew Canter
Georgia Bar No. 365212
Zack Greenamyre
Georgia Bar No. 293002
MITCHELL, SHAPIRO,
GREENAMYRE & FUNT LLP
881 Piedmont Ave.
Atlanta, GA 30309
404-812-4747 (phone)
404-812-4740 (fax)
zack@mitchellshapiro.com
andrew@mitchellshapiro.com

/s/ Marie L. Miller
Marie L. Miller*
Indiana Bar No. 34591-53
Arizona Bar No. 040537
INSTITUTE FOR JUSTICE
3200 N. Central Ave., Ste. 2160
Phoenix, AZ 85012
(480) 557-8300
mmiller@ij.org

John C. Korevec*
California Bar No. 310157
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Ste. 900
Arlington, VA 22203
(703) 682-9320
jkorevec@ij.org

*Admitted *pro hac vice*

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 5.1(C), this document was prepared in Century Schoolbook font (13 point type).

/s/ Marie L. Miller
Marie L. Miller
Indiana Bar No. 34591-53
Arizona Bar No. 040537
INSTITUTE FOR JUSTICE
3200 N. Central Ave., Ste. 2160
Phoenix, AZ 85012
(480) 557-8300
mmiller@ij.org

*Counsel for Plaintiff*

15

CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2026, I electronically filed the foregoing

Plaintiff's Memorandum in Support of Her Motion for Leave to File First

Amended Complaint with the Clerk of Court using the CM/ECF system, which

will notify all counsel of record.

/s/ Marie L. Miller
Marie L. Miller
Indiana Bar No. 34591-53
Arizona Bar No. 040537
INSTITUTE FOR JUSTICE
3200 N. Central Ave., Ste. 2160
Phoenix, AZ 85012
(480) 557-8300
mmiller@ij.org

*Counsel for Plaintiff*

16